
# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HANZO HATTORI OMURA aka Yoshihiro Hattori and MEGUMI H. BENAVENTE, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER S. KANG aka Sun K Wang Sang, SANG ROK OH, YONG JA OH, CHUNG KUO INSURANCE CO., LTD., INDIVIDUAL DOES 1-10, CORPORATE DOES 1-10 and OTHER DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL CASE NO. CV0389-14<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendants Sang Rok Oh, Yong Ja Oh, and Chung Kuo Insurance Co., Ltd.'s (collectively, "Defendants") Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b) ("Motion to Dismiss"), filed July 30, 2020. Defendants are represented by Attorney Jeffrey A. Cook. Plaintiff Hanzo Hatori Omura aka Yoshihiro Hattori is represented by Attorney William Gavras. Plaintiff Megumi H. Benavente represents herself, *pro se*. Defendant Peter S. Kang aka Sun K Wang San ("Defendant Kang") is represented by Dooley Roberts & Fowler, LLP. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order GRANTING Defendants' Motion to Dismiss.

*Omura and Benavente vs. Kang, et al.*
Case No. CV0389-14
Decision and Order

Page 1 of 6

## BACKGROUND

This matter involves a personal injury action arising from a vehicle-motorcycle collision occurring in May 2013. (Compl. at 4, Apr. 2, 2014). At the inception of this matter, both Plaintiffs were represented by Lujan & Wolff, LLP. This matter was subsequently stayed upon the filing of Defendant Kang's Notice of Bankruptcy Filing on April 3, 2017. On August 2, 2017, Attorney Howard Trapp substituted as Plaintiffs' retained attorney of record in the place and stead of Lujan & Wolff, LLP. On September 29, 2017, Defendant Kang was discharged in bankruptcy, thereby releasing the stay on this litigation.

On June 28, 2019, Attorney William Gavras entered his appearance on behalf of Plaintiff Hanzo Hattori Omura aka Yoshihiro Hattori ("Plaintiff Omura") only. Plaintiff Benavente's last attorney of record is no longer practicing law and no attorney has substituted in for him.

On December 12, 2019, at a Scheduling Conference, Plaintiff Omura and Defendants indicated they had settled the matter, which was reflected in a Notice of Dismissal with Prejudice filed on July 30, 2020.

On July 30, 2020, Defendants filed the instant Motion to Dismiss against Plaintiff Megumi H. Benavente's ("Plaintiff Benavente") claims. The Court has not received any responsive pleading from Plaintiff to Defendants' Motion to Dismiss.[1] Although no opposition was filed, the Court still has the duty to examine the merits of the Motion. *Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27-28.

## DISCUSSION

Defendants move the Court to dismiss this matter pursuant to Guam Rules of Civil Procedure ("GRCP") 41(b). Defendants argue that Plaintiff Benavente has failed to prosecute her claims since the lifting of the stay in this matter in September 2017. *See generally*, Mot.

---

[1] Pursuant to the CVR7.1 Form 1 filed contemporaneously with the Motion to Dismiss, Plaintiff Benavente was to file an Opposition by August 27, 2020, however in light of Guam resuming PCOR1 status, this deadline was extended to October 19, 2020 through Administrative Order ADM20-413.

*Omura and Benavente vs. Kang, et al.*
Case No. CV0389-14
Decision and Order

Page 2 of 6

Dismiss, Jul. 3, 2020. Rule 41, which governs the dismissal of civil actions, provides in relevant part:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Guam R. Civ. P. 41(b) (2014). The Court examines a five-factor test to determine whether a sanction of dismissal for failure to prosecute is appropriate:

> (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Quitugua vs. Flores*, 2004 Guam 19 ¶ 16 (citing *Santos v. Carney*, 1997 Guam 4 ¶ 5). "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Park v. Kawashima*, 2010 Guam 10 ¶ 10 (citation omitted). "The Plaintiff bears the burden of showing the delay is reasonable and that the defendant is not prejudiced by the delay." *Santos*, 1997 Guam 4 ¶ 5 (citation omitted).

### A. The Public's Interest in Expeditious Resolution of Litigation & the Court's need to Manage It's Docket

The Court considers the first two factors together in determining whether there has been an unreasonable delay. *Santos*, 1997 Guam 4 ¶ 7 ("The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining whether there was an unreasonable delay."). This civil case began in April 2014, and is now over six years old.

Under the first factor, the Court is "tasked with calculating the cumulative length of delay attributable to plaintiff and examining whether the plaintiff failed to pursue the case diligently and did so for reasons that do not amount to good cause. The onus falls on the plaintiff to move the case along." *Guam Econ. Dev. Auth. v. Affordable Home Builders, Inc.,*

*Omura and Benavente vs. Kang, et al.*
Case No. CV0389-14
Decision and Order

Page 3 of 6

2013 Guam 12 ¶ 18 (citations omitted). Clearly this matter could not move forward upon Defendant Kang's Notice of Bankruptcy Filing on April 3, 2017. However, since Defendant Kang was discharged from bankruptcy later that year in September 2017, Plaintiff Benavente has taken no action to pursue this case. Although both Plaintiffs (who were married at the time) had Attorney Howard Trapp substitute as their attorney of record on August 2, 2017, which was prior to the stay being lifted, no actions took place afterwards until Attorney Gavras entered an appearance on behalf of Plaintiff Omura solely. There is nothing in the record before the Court to show good cause for prosecutorial delay from September 2017 to the present, and therefore the Court finds that the delay was unreasonable.

## B. The Risk of Prejudice to the Defendant

The next factor for the Court to consider is the risk of prejudice to the defendant. *Quitugua*, 2004 Guam 19 ¶ 16. "Once a delay is determined to be unreasonable, prejudice . . . is presumed." *Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 34 (citation omitted) (alteration in original). This is because unnecessary delay "inherently increases the risk that memories will fade and evidence will become stale." *Quitugua*, 2004 Guam 19 ¶ 19 (citation omitted). As the Court has determined the delay to be unreasonable, prejudice for Defendants is already presumed. Accordingly, the Court finds that this factor weighs in favor of dismissal.

## C. Public Policy Favoring the Disposition of Cases on their Merits

The next factor for the Court to consider is the public policy favoring the disposition of cases on their merits. *Quitugua*, 2004 Guam 19 ¶ 16. This factor ordinarily weighs against dismissal. *Santos*, 1997 Guam 4 ¶ 9. Under this factor, the Court

> considers the public policy in favor of determining cases on their merits. The question is whether the public policy of determining cases on their merits justifies delay and prejudice caused by [Plaintiff's] conduct. It is sufficient to demonstrate that the plaintiff has ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof. This factor is weighed against the prejudice suffered by the Defendants.

*Id.* (internal citations and quotation marks omitted). This factor "should not be used defensively as a shield by a passive Plaintiff who has failed in his obligation to prosecute the

*Omura and Benavente vs. Kang, et al.*
Case No. CV0389-14
Decision and Order

Page 4 of 6

defendants with the vigor expected of a plaintiff." *Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 43 (citation omitted). Nonetheless, "the plaintiff must move forward towards that disposition at a reasonable pace." *Id.* This factor must be balanced against the first two factors: the expeditious resolution of litigation and the court's need to manage its docket. *Id.* The Court does not find that Plaintiff Benavente has moved forward towards prosecuting this matter with a reasonable pace. Although Plaintiff Omura has moved forward prosecuting this matter resulting in a settlement with Defendants, Plaintiff Benavente has taken no action since 2017, three years from the removal of the stay. Further, the parties have since divorced. (Decl. of Jeffrey A. Cook ¶ 2, Jul. 30, 2020). Plaintiff Omura's counsel represented to Attorney Cook that "after the divorce Mr. Omura advises Ms. Benavente moved back to Japan but he has no idea where she is living or how to contact her." *Id.* at ¶ 3.

Plaintiff Benavente's claims against Defendants are reflected in the Seventh and Eighth Claims in the First Amended Complaint. The Seventh Claim is a loss of consortium claim based on Plaintiff Omura's injuries. (First Am. Compl. ¶¶ 71-73, Jan. 29, 2015). The Eighth Claim alleges that Plaintiff Benavente's quality of life and earning capacity have been impaired and diminished as a result of her care taker responsibilities due to Plaintiff Omura's injures. *Id.* at ¶¶ 74-76. Plaintiff Benavente has taken no action to demonstrate any interest in pursuing her claims as a result of the injuries incurred by her ex-husband, Plaintiff Omura. Accordingly, the Court finds that this factor also weighs in favor of dismissal.

**D. Availability of Less Drastic Sanctions**

The last factor before the Court is the availability of less drastic sanctions. *Quitugua*, 2004 Guam 19 ¶ 16. "The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos*, 1997 Guam 4 ¶ 10. *See also Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 49 ("a trial court is not required to issue advance warnings before dismissing for failure to prosecute."). The Court has not given prior warnings or imposed other sanctions on Plaintiff Benavente. However, considering that it is not required to impose lesser sanctions, and the fact that Plaintiff Benavente is believed to have moved off island and has not retained

*Omura and Benavente vs. Kang, et al.*
Case No. CV0389-14
Decision and Order

Page **5** of 6

other counsel to prosecute this matter, the Court finds that this factor also weighs towards dismissal.

Therefore, the Court, after considering all the above factors, GRANTS Defendants' Motion to Dismiss for Failure to Prosecute as to Plaintiff Benavente.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss.

**IT IS SO ORDERED** this _20th_ day of November, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_GAVRAS, JWAN_
_Ou_ _ffe, Box_

Date: _11_ Time: _/20_

_____
Deputy Clerk, Superior Court of Guam

_Omura and Benavente vs. Kang, et al._
Case No. CV0389-14
Decision and Order